UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR RIVAS GAONA,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br><br>Defendant. | Case No. 17-cv-03364-KAW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 21, 22 |

Plaintiff Salvador Rivas Gaona seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, and the remand of this case for benefits or further proceedings. Pending before the Court is Plaintiff's motion for summary judgment and Defendant's cross-motion for summary judgment. Having considered the papers filed by the parties, and for the reasons set forth below, the Court GRANTS Plaintiff's motion for summary judgment, and DENIES Defendant's cross-motion for summary judgment.

## I. BACKGROUND

On January 7, 2010, Plaintiff applied for Title II and Title XVI benefits, alleging a disability that began on December 1, 2008. (Administrative Record ("AR") 140.) The Social Security Administration ("SSA") denied Plaintiff's application initially and on reconsideration. (AR 70, 71, 73, 74.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). 106-107.) Following a hearing, the ALJ rejected Plaintiff's application on September 22, 2011. (AR 23-33.) A request for review of the ALJ's decision was filed with the Appeals Council on October 14, 2011. (AR 16.) The Appeals Council denied Plaintiff's request for review on April 11, 2013. (AR 3-5.)

On July 11, 2013, Plaintiff filed an action for judicial review pursuant to 42 U.S.C. §

405(g). (AR 507.) On April 21, 2014, the district court remanded Plaintiff's case for further proceedings, finding that the ALJ had failed to resolve ambiguities in the record regarding Plaintiff's ability to read and write in English. (AR 511-25.)

On July 15, 2014, the Appeals Council effectuated the district court's order by remanding the case to the ALJ. (AR 531.) The Appeals Council also noted that Plaintiff had filed subsequent claims for Title II and Title XVI disability benefits on November 14, 2013, and ordered that the ALJ consolidate the claim files and issue a new decision on the consolidated claims.

The assigned ALJ held a hearing on November 12, 2014, at which Plaintiff and Vocational Expert ("VE") Lynda Berkley testified. (AR 423.) At the hearing, the ALJ examined VE Berkley, giving her a hypothetical of an individual who could lift and carry twenty pounds occasionally and ten pounds frequently; sit, stand, and walk six hours each in an eight-hour day; climb ladders, ropes, and scaffolds occasionally; crawl occasionally; climb ramps and stairs frequently; balance, stoop, kneel, and crouch frequently; and handle and finger bilaterally frequently. (AR 454.) The hypothetical also included a sixth grade education in Mexico, and limited ability to speak, write, and read English. Based on this hypothetical, VE Berkley testified that such an individual could not perform Plaintiff's past work, but could work as a housekeeping cleaner, a garment sorter, and a cafeteria attendant. (AR 454-55.) The ALJ then presented a second hypothetical with increased limitations as to an individual's ability to lift, stand, walk, balance, climb, balance, stoop, kneel, crouch, and crawl, but with the same limitations as to handling and fingering. (AR 457.) VE Berkley testified that such an individual could work as an escort vehicle driver or a final assembler of optical goods. (AR 458.)

Plaintiff's representative also questioned VE Berkley, asking if an individual limited to four hours of fine manipulation would be able to perform the optical assembly job. (AR 460.) VE Berkley responded that such an individual could not, as fine manipulation would be required on a frequent basis, *i.e.* up to two-thirds of the day.

The ALJ issued an unfavorable decision on February 20, 2015. (AR 404-16.) A request for review of the ALJ's decision was filed with the Appeals Council. The Appeals Council denied Plaintiff's request for review on April 13, 2017. (AR 388-91.) On June 11, 2017, Plaintiff

2

commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). (Compl., Dkt. No. 1.)

On November 27, 2017, Plaintiff filed a motion for summary judgment. (Plf.'s Mot., Dkt. No. 21.) On December 26, 2017, Defendant filed an opposition and cross-motion for summary judgment. (Def.'s Opp'n, Dkt. No. 22.) Plaintiff did not file a reply brief.

## II.  LEGAL STANDARD

A court may reverse the Commissioner's denial of disability benefits only when the Commissioner's findings are 1) based on legal error or 2) are not supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is "more than a mere scintilla but less than a preponderance"; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1098; *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Id.* "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

Under SSA regulations, disability claims are evaluated according to a five-step sequential evaluation. *Reddick*, 157 F.3d at 721. At step one, the Commissioner determines whether a claimant is currently engaged in substantial gainful activity. *Id.* If so, the claimant is not disabled. 20 C.F.R. § 404.1520(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments," as defined in 20 C.F.R. § 404.1520(c). *Reddick*, 157 F.3d 715 at 721. If the answer is no, the claimant is not disabled. *Id.* If the answer is yes, the Commissioner proceeds to step three, and determines whether the impairment meets or equals a listed impairment under 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If this requirement is met, the claimant is disabled. *Reddick*, 157 F.3d 715 at 721.

If a claimant does not have a condition which meets or equals a listed impairment, the fourth step in the sequential evaluation process is to determine the claimant's residual functional

3

capacity ("RFC") or what work, if any, the claimant is capable of performing on a sustained basis, despite the claimant's impairment or impairments. 20 C.F.R. § 404.1520(e). If the claimant can perform such work, he is not disabled. 20 C.F.R. § 404.1520(f). RFC is the application of a legal standard to the medical facts concerning the claimant's physical capacity. 20 C.F.R. § 404.1545(a). If the claimant meets the burden of establishing an inability to perform prior work, the Commissioner must show, at step five, that the claimant can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d 715 at 721. The claimant bears the burden of proof in steps one through four. *Bustamante*, 262 F.3d at 953-954. The burden shifts to the Commissioner in step five. *Id.* at 954.

### III. THE ALJ'S DECISION

On February 20, 2015, the ALJ issued an unfavorable decision. (AR 404-16.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since December 1, 2008. (AR 406.)

At step two, the ALJ identified the following severe impairments: degenerative disc disease of the lumbar spine, arthritis of the left knee, coronary artery disease, diabetes mellitus, status post fracture of the right fourth metacarpal, and numbness of the left hand secondary to ulnar nerve damage. (AR 407.)

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. (AR 407.) With respect to Plaintiff's hand injuries, the ALJ found that Plaintiff had "a history of a fracture to the fourth metacarpal of the right hand, but there is no persuasive evidence of a loss of ability to perform fine and gross movements effectively." (AR 407.) The ALJ concluded that "the criteria of section 1.02 (major dysfunction of a joint) of the Listing of Impairments is not met or equaled." (AR 407.)

At step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work, and that Plaintiff could lift and/or carry up to twenty pounds occasionally, lift and/or carry up to ten pounds frequently, sit for six hours in an eight-hour day, and stand and/or walk for six hours in an eight-hour day. (AR 408.) The ALJ also found that Plaintiff

required the use of a cane for long distances or walking on uneven terrain. Further, Plaintiff could occasionally crawl and climb ropes, ladders, and scaffolds, could frequently climb ramps and stairs, balance, stoop, kneel and crouch. Plaintiff could also "frequently handle and finger bilaterally." (AR 408.) Finally, Plaintiff was limited to jobs requiring limited reading and writing in English.

Specific to Plaintiff's hands, the ALJ considered a January 2011 state agency consultant determination that found that Plaintiff could frequently bilaterally handle and finger. (AR 410.) The ALJ acknowledged that the medical evidence had since been updated, and that January 2014 and April 2014 state agency consultation determinations found the same manipulative limitations.[1] The ALJ found that these January 2014 and April 2014 determinations were "supported by the evidence of record," and adopted their findings of functional capacity. (AR 410.)

Additionally, the ALJ found that there was "a remote history of a fracture to the fourth metacarpal of the right dominant hand and 1982 laceration to the left hand." (AR 411.) The ALJ considered abnormal clinical findings by Andrew K. Burt, M.D., but noted that there was no evidence of further injuries to the hands or medical attention since Dr. Burt's report. The ALJ also considered a report by Plaintiff's primary care physician, Gerald E. Eliaser, M.D. (AR 410-11.) Dr. Eliaser found in January 2011 that Plaintiff's "ability to use the bilateral hands was limited to two hours of handling, four hours of fine manipulation, and four hours of reaching." (AR 411.) The ALJ discounted the reaching limitation on the ground that there was no medical disorder related to the shoulders or neck that would support such a limitation. With respect to the hands, however, the ALJ found that "the ability to use the hands for six hours in an eight-hour day [w]as consistent with an ability for frequent use of the upper extremities for handling and fingering as indicated by the state agency consultants." (AR 411.) Thus, the ALJ found that Dr. Eliaser's and Dr. Burt's reports "support[ed] the frequent use of the bilateral hands for handling and fingering," and "g[ave] partial weight to Dr. Eliaser's assessment regarding use of the bilateral hands." (AR 411.) The ALJ further stated that she "relied on Dr. Eliaser's assessment in finding the claimant

---

[1] The January 2014 and April 2014 state agency consultation determinations are not contained in the record. (*See* Def.'s Opp'n at 4 n.4.)

5

limited to frequent handling and fingering with the bilateral upper extremities," and that Dr. Eliaser's opinion was "supported by the history of trauma to the hands and the medical findings." (AR 413.)

The ALJ also considered Plaintiff's testimony. Plaintiff had described the fracture of his right hand and numbness in his left hand, and also expressed problems with using his hands for gripping and holding objects. (AR 413-14.) The ALJ concluded that Plaintiff's testimony was not entirely credible. The ALJ explained that despite Plaintiff's complaint of chronic musculoskeletal pain, the medical evidence described only minimal, conservative, and symptomatic care that was inconsistent with his allegations. Further, the ALJ found that Plaintiff's daily activities, which included shopping, using a hand vacuum to clean his room, and caring for his personal needs, was consistent with the ALJ's RFC. (AR 414.) The ALJ also specifically noted that "there ha[d] been no acute or aggressive medical attention for the bilateral hands, and the claimant worked after the injuries. Even the claimant's treating physician indicated a retained ability to use the bilateral hands on an occasional basis." (AR 414.)

At step five, the ALJ found that Plaintiff was unable to perform any past relevant work, but that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (AR 415.) Specifically, the ALJ found that Plaintiff could work as a garment sorter and cafeteria attendant. (AR 416.) The ALJ thus concluded that "[a] finding of 'not disabled' is therefore appropriate under the framework of the above-cited rule." (AR 416.)

## IV. DISCUSSION

Plaintiff challenges the ALJ's decision on the ground that the ALJ effectively rejected Dr. Eliaser's opinion regarding Plaintiff's ability to use his hands. (Plf.'s Mot. at 6.) Specifically, Dr. Eliaser opined that Plaintiff was limited to handling for two hours and fine manipulation for four hours. (AR 335.) The ALJ, however, concluded that Plaintiff could frequently handle and finger bilaterally, *i.e.*, up two-thirds of a workday (or 5.33 hours per day). (AR 408.) Plaintiff argues that the ALJ therefore rejected Dr. Eliaser's opinion, despite the ALJ stating that she relied on Dr. Eliaser's opinion to find that Plaintiff could frequently handle and finger bilaterally. (Plf.'s Mot. at 8; *see also* AR 411.)

In evaluating medical evidence from different physicians, the Ninth Circuit distinguishes among the opinions of three types of physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The three types are classified as: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians). *Id.* A treating physician's opinion is entitled to controlling weight if it is well-supported and consistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2). The opinions of treating medical sources may be rejected only for clear and convincing reasons if not contradicted by another doctor, and, if contradicted, only for specific and legitimate reasons supported by substantial evidence. *Chater*, 81 F.3d at 830. Likewise, "the opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. *Id.* at 830-31. Where the ALJ fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, that opinion is accepted as true. *Id.* at 834.

The Court agrees with Plaintiff that the ALJ effectively rejected Dr. Eliaser's opinion. Again, Dr. Eliaser found that Plaintiff could only handle for two hours a day, and perform fine manipulation for four hours a day. The ALJ, however, concluded that Plaintiff could handle and finger bilaterally frequently, or up to two-thirds of a workday. The ALJ appeared to come to this conclusion by adding together Plaintiff's ability to handle for two hours a day with Plaintiff's ability to finger bilaterally for four hours a day, to determine that Plaintiff could use his hands for six hours in an eight-hour day. (*See* AR 411.) The fact that Plaintiff can generally use his hands for a combined six hours a day, however, is not the same as finding that Plaintiff can handle and finger bilaterally frequently. Handling and fingering bilaterally are two different actions, and to simply combine the two together to conclude that Plaintiff could do either or both frequently is contrary to Dr. Eliaser's opinion.[2]

---

[2] Even if one was to view the ALJ's RFC limitation as stating that Plaintiff could do a combined handling and fingering bilaterally for up to two-thirds of a day, this would still not accurately reflect Dr. Eliaser's opinion. Such a limitation would be satisfied with, for example, an occupation that required handling for four hours a day and fingering bilaterally for one hour a day. Per Dr.

7

Notably, Defendant does not attempt to justify the ALJ's decision to combine Plaintiff's ability to handle for two hours a day with Plaintiff's ability to finger bilaterally for four hours a day. In fact, Defendant acknowledges that Dr. Eliaser determined that Plaintiff could only occasionally handle and finger bilaterally. (*See* Def.'s Opp'n at 4.) Instead, Defendant argues that the ALJ could find that Plaintiff could frequently handle and finger based on the state agency consultant determinations, as well as Plaintiff's activities of daily living. (Def.'s Opp'n at 4-5.) Defendant further contends that "Plaintiff's activities of daily living alone constituted substantial evidence to discount Dr. Eliaser's assessment of occasional handling and fingering." (*Id.* at 4.)

The problem with Defendant's argument, however, is that the ALJ did not cite to the state agency consultant determinations or Plaintiff's activities of daily living as specific and legitimate reasons for rejecting Dr. Eliaser's opinion. Indeed, the ALJ gave no reason for rejecting Dr. Eliaser's opinion on Plaintiff's ability to handle and bilaterally finger because she did *not* reject Dr. Eliaser's opinion, but purportedly relied on his assessment to find that Plaintiff could frequently handle and bilaterally finger. (AR 413.) In other words, the ALJ did not articulate any reason for rejecting Dr. Eliaser's opinion because she stated that she did not reject the opinion, before finding a RFC that was contrary to his opinion. Defendant cannot now use *post hoc* rationales to justify the ALJ's conclusion. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ -- not *post hoc* rationalizations that attempts to intuit what the adjudicator may have been thinking"). Thus, the Court finds that the ALJ failed to provide adequate reasons for rejecting Dr. Eliaser's medical opinion.

The ALJ's failure to provide adequate reason for rejecting Dr. Eliaser's medical opinion requires that they be accepted as true. *See Lester*, 81 F.3d at 834 (citing *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989).) The Court finds, however, that remand for benefits is not appropriate in this case. Further administrative proceedings are required to determine if a RFC that limits Plaintiff to occasional handling and bilateral fingering would allow Plaintiff to be

---

Eliaser's opinion, however, Plaintiff would not be able to perform this occupation, as Plaintiff is limited to two hours of handling and four hours of fingering bilaterally.

8

employed in positions other than a final assembler of optical goods, as the VE already testified that an individual limited to four hours of fine manipulation would not be able to perform the optical assembly job. (*See* AR 460.)

## V. CONCLUSION

For the reasons set forth above, Plaintiff's motion for summary judgment is GRANTED, and Defendant's motion for summary judgment is DENIED. The Court remands this case for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: March 23, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge