1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    SALVADOR RIVAS GAONA,                    Case No.  17-cv-03364-KAW

8                  Plaintiff,
                                             **ORDER GRANTING MOTION FOR**
9           v.                               **ATTORNEY'S FEES**

10   NANCY A. BERRYHILL,                      Re: Dkt. No. 29

11                 Defendant.

12

13          Plaintiff Salvador Rivas Gaona brought this action seeking review of a final decision of the

14   Commissioner of Social Security ("Commissioner" or "Defendant").  Following the Court's

15   remand of the case for further proceedings, the Commissioner granted Plaintiff's application for

16   benefits, entitling him to $209,675.00 in retroactive benefits.  (Mot. for Attorney's Fees at 3, Dkt.

17   No. 29; *see also* Shapiro Decl., Exh. 3 at 3, Dkt. No. 29-3.)  Plaintiff's counsel, Brian C. Shapiro,

18   now brings a motion for attorney's fees under 42 U.S.C. § 1383(d)(2)(B), seeking an award of

19   $25,823.75 in fees.  (*Id.*)  The Court deems the matter suitable for disposition without hearing

20   pursuant to Civil Local Rule 7-1(b).  Having considered the papers filed by the parties and the

21   relevant legal authority, the Court GRANTS the motion, for the reasons set forth below.

22                              **I.      BACKGROUND**

23          On January 7, 2010, Plaintiff applied for Title II and Title XVI benefits.  (Administrative

24   Record ("AR") 140.)  The Social Security Administration ("SSA") denied Plaintiff's application,

25   and on July 11, 2013, Plaintiff commenced an action for judicial review pursuant to 42 U.S.C. §

26   405(g).  (Case No. 13-cv-3204-JCS, Dkt. No. 1.)  On April 21, 2014, Plaintiff's motion for

27   summary judgment was granted, and the case was remanded for further administrative

28   proceedings.  (Case No. 13-cv-3204-JCS, Dkt. No. 21.)  On June 4, 2014, the parties stipulated to

United States District Court
Northern District of California

1    the payment of attorney's fees and costs under the Equal Access to Justice Act ("EAJA") in the

2    amount of $2,000.  (Dkt. No. 26.)

3         On remand, Plaintiff's social security application was again denied.  (AR 23-33.)  On June

4    11, 2017, Plaintiff commenced the instant action for judicial review pursuant to 42 U.S.C. §

5    405(g).  (Compl., Dkt. No. 1.)  On March 23, 2018, this Court granted Plaintiff's motion for

6    summary judgment and remanded the case for further proceedings.  (Dkt. No. 23 at 9.)  On May 3,

7    2018, the parties stipulated to the payment of attorney's fees and costs under the EAJA in the

8    amount of $3,000.  (Dkt. No. 26.)  The $3,000 has been received by counsel, in addition to $2,000

9    from the prior case.  (Mot. for Attorney's Fees at 3.)

10        On March 31, 2020, Plaintiff's counsel filed the instant motion for attorney's fees, seeking

11   $25,823.75 less the EAJA fee previously awarded, for a total of $20,823.75.  (Mot. for Attorney's

12   Fees at 3.)  Plaintiff's counsel's request is based on a contingent fee agreement with Plaintiff that

13   permits Plaintiff's counsel to seek 25% of past-due benefits for work performed before the courts.

14   (*Id.*; *see also* Shapiro Decl., Exh. 1, Dkt. No. 29-1.)  The Commissioner filed a response on April

15   3, 2020, taking no position on the reasonableness of the request.  (Def.'s Resp. at 2, Dkt. No. 31.)

16   No reply was filed, nor were any objections received from individual Plaintiff.

## II.    LEGAL STANDARD

18        42 U.S.C. § 1383(d) governs the payment of representative fees for Supplemental Security

19   Income benefits.  These regulations track those for the award of attorney's fees under 42 U.S.C. §

20   406.  42 U.S.C. § 1383(d)(2)(A) ("The provisions of section 206 [42 U.S.C. § 406] . . . shall apply

21   to this part").

22        42 U.S.C. § 406(b) governs fees for the representation of a claimant before the court,

23   which is not to exceed "25 percent of the total of the past-due benefits to which the claimant is

24   entitled by reason of such judgment . . . ."  42 U.S.C. § 406(b)(1)(A).  When reviewing a motion

25   for attorney's fees, the Court begins its analysis "by looking first to the contingent-fee agreement,

26   then testing it for reasonableness."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).  In assessing

27   the reasonableness of the fee agreement, the Court considers "'the character of the representation

28   and the results the representative achieved.'"  *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir.

United States District Court
Northern District of California

2

2009) (quoting *Gisbrecht*, 535 U.S. at 808).  Thus, the Court may apply a downward adjustment in the event of "substandard performance, delay, or benefits that are not in proportion to the time spent on the case."  *Id.*  While the Court is not to start with a lodestar analysis, it may use the lodestar analysis as an aid (but not a baseline) to assess the reasonableness of the fee.  *Id.*

### III.   DISCUSSION

Plaintiff signed a contingent fee agreement that allowed Plaintiff's counsel to recover "25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the court." (Shapiro Decl., Exh. 1.)  Plaintiff's counsel seeks $25,823.75, or 12.5% of the $209,675.00 awarded to Plaintiff in past-due benefits.  (Mot. for Attorney's Fees at 5.)

The Court finds that the amount sought by Plaintiff's counsel is reasonable.  First, the results obtained by Plaintiff's counsel were good, as Plaintiff's counsel twice successfully obtained orders remanding the case for further proceedings.  (Dkt. No. 23; *see also* Case No. 13-cv-3204-JCS, Dkt. No. 21.)  Second, the record reveals no undue delay or substandard performance that would warrant a downward adjustment.  Plaintiff sought only one 35-day extension in the instant case, and no extensions in the prior case.  (*See* Dkt. No. 20.)

Third, the amount sought is consistent with the cap set by Congress in § 406(b) and is not disproportionate to the time spent by Plaintiff's counsel in this action.  Plaintiff's counsel spent 22.1 hours on these cases (8.2 hours in the prior case and 13.9 hours in the current case), and his paralegal spent an additional 7.2 hours on these cases (3.7 hours in the prior case and 3.5 hours in the current case).  (Shapiro Decl., Exh. 4, Dkt. No. 29-4.)  Considering only the time spent by Plaintiff's counsel, Plaintiff's counsel seeks an effective rate of $1,168.50.

While very high, this rate is comparable with rates awarded by other courts in this district. *Compare with Dreesman v. Saul*, Case No. 16-cv-2549-HRL (HSG), 2019 U.S. Dist. LEXIS 167278, at *4-5 (N.D. Cal. Sept. 27, 2019) (finding reasonable a $23,439.63 award for 22.65 hours of attorney work and 3 hours of paralegal work, an effective rate of $1,034.86); *Heath v. Berryhill*, Case No. 15-cv-1811-EDL, 2017 U.S. Dist. LEXIS 221883, at *7-8 (N.D. Cal. Aug. 28, 2017) (approving effective rate of $1,244.65); *Harrell v. Berryhill*, Case No. 16-cv-2428-TSH, 2018 U.S. Dist. LEXIS 163460, at *12 (N.D. Cal. Sept. 24, 2018) (finding reasonable an effective

1  rate of $1,213.83); *see also Crawford*, 586 F.3d at 1153 (affirming reasonableness of effectively

2  hourly rates of $519, $875, and $902).  Further, while this rate is high, the Ninth Circuit has

3  recognized that in assessing reasonableness, the court should not start with the lodestar method

4  because "the lodestar method tends to under-compensate attorneys for the risk they undertook in

5  representing their clients and does not account for the fact that the statute limits attorneys' fees to

6  a percentage of past-due benefits and allows no recovery from future benefits,, which may far

7  exceed the past-due benefits awarded."  *Crawford*, 586 F.3d at 1150.  Here, Plaintiff's counsel

8  took on significant risk of non-payment since 2013, representing Plaintiff in two court proceedings

9  challenging the denial of Plaintiff's social security benefits.  While the case involves

10  approximately ten years of backpay, as discussed above, there is no indication that Plaintiff's

11  counsel was responsible for the delay.  Thus, considering the three *Crawford* factors, the Court

12  finds that the amount sought by Plaintiff's counsel is reasonable.

13       The Court will also deduct the EAJA award from the $25,823.75 sought by Plaintiff's

14  counsel.  In general, the Court must offset the § 406(b) attorney's fee award by any EAJA fee

15  award.  *Gisbrecht*, 535 U.S. at 796.  This is to "'prevent attorneys from receiving double recovery

16  under both the EAJA and § 406(b).'"  *Boissiere v. Astrue*, No. C-09-02081 JCS, 2011 WL

17  1045170, at *4 (N.D. Cal. Mar. 22, 2011) (quoting *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d

18  1268, 1272 (11th Cir.  2010)).  Here, Plaintiff's counsel received the $5,000 in attorney's fees

19  under the EAJA.  (Mot. for Attorney's Fees at 3.)

20                    **IV.   CONCLUSION**

21       For the reasons stated above, the motion is GRANTED.  The Court awards fees in the

22  amount of $25,823.75 less the EAJA fee of $5,000, for a total of $20,823.75.

23       IT IS SO ORDERED.

24  Dated: May 19, 2020

25                                            

26                        KANDIS A. WESTMORE

                      United States Magistrate Judge

27

28

United States District Court
Northern District of California

4